# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-31009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BARRY DRUILHET, JR., also known as Bird,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CR-183-4

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Barry Druilhet, Jr., of conspiracy to distribute and possess with intent to distribute cocaine and use of a communication facility in causing or facilitating a drug trafficking crime, in violation of 21 U.S.C. §§ 843(b), 846. He was sentenced to concurrent imprisonment terms of 240 months and 48 months, with a 3-year term of supervised release. On appeal, Druilhet argues that his trial counsel rendered ineffective assistance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by allowing him to testify in support of a motion to exclude the testimony of Michael McDaniel, a cooperating coconspirator.  He also argues that the district court erred by imposing a two-level obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1.

Because Druilhet did not challenge the performance of counsel in district court, the record is not sufficiently developed to assess counsel's performance. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).  The record does not reflect counsel's strategic decisions for seeking exclusion of McDaniel's testimony, nor does the record reflect counsel's strategy for opting to call Druilhet as a witness.  *See Isgar*, 739 F.3d at 841; *see, e.g., Strickland v. Washington*, 466 U.S. 668, 687-95 (1984).  Accordingly, this court declines to consider Druilhet's ineffective assistance of counsel argument on direct appeal, without prejudice to his right to assert it on collateral review.  *See Isgar*, 739 F.3d at 841.

This court reviews the district court's interpretation or application of the Guidelines de novo and its factual findings, such as the finding that Druilhet obstructed justice, for clear error.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).  Druilhet's testimony established that he approached McDaniel after being aware that McDaniel planned to testify against him and that he provided McDaniel a copy of documents that were relevant to McDaniel's cooperation with the Government, including a copy of McDaniel's plea agreement.  The district court was entitled to infer from this evidence that Druilhet's actions were a conscious and deliberate attempt to obstruct or impede the administration of justice.  *See Juarez-Duarte*, 513 F.3d at 209. Although Druilhet offered benign explanations for his interaction with McDaniel, the district court was entitled to reject Druilhet's explanations as

No. 17-31009

incredible.  *See United States v. Harms*, 442 F.3d 367, 378 (5th Cir. 2006).  For the foregoing reasons, the judgment of the district court is AFFIRMED.